### METOYER vs. LARENAUDIERE.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF
NATCHITOCHES, JUDGE KING OF THE FIFTH PRESIDING.

In a petitory action for a tract of land, the sheriff's deed under which the plaintiff claims, when in due form, is admissible in evidence.

It is not a valid objection to the admissibility of a sheriff's deed in evidence, that it appears from a record accompanying it, that the land was not duly advertised before sale, and that the irregularity is not cured by the monition law. The deed must be admitted, leaving its legal affects to the jury, under the instructions of the court.

This is a petitory action. The plaintiff alleges that he is the rightful owner of a tract of land, containing six hundred and forty acres, situated on that part of Red River called Old River; the title to which tract was confirmed to one Jean Lassoure, by act of congress, bearing date 5th February, 1825, and has now passed to him by a regular chain of mesne conveyances. That the defendant has taken possession without title, and continues to hold it illegally, and against his just claim and rights.

The defendant pleaded a general denial. That if the plaintiff had any title, it was false and fraudulent, and did

not cover the *locus in quo.* He claims five hundred dollars as damages, in compensation and reconvention. There was an order to have the land accurately surveyed, and a diagram made thereof.

Under these pleadings and issues the trial progressed before the court and a jury. The plaintiff offered evidence to prove his title to the land; and for this purpose offered the sheriff's deed of sale, which was objected to by defendant's counsel, because it appeared by the records of the suit, in pursuance of which it had been sold, that the land or property had not been duly advertised before sale, during the time prescribed by law, and that the irregularity was not cured by the monition law of 1834. The court sustained the objection, and the plaintiff excepted to its opinion.

Before closing his evidence, the plaintiff moved for leave to take a non-suit, which was denied, the court being of opinion, that the defendant having plead a demand in compensation, the plaintiff could not discontinue. To this decision, the plaintiff took his bill of exceptions.

There was judgment for the defendant, quieting him in his title to the land in question. The plaintiff appealed.

*Sherburne* and *Dunbar,* for the plaintiff, urged the reversal of the judgment. They showed, that even if the deed was defective, yet it was in due form, and must be admitted in evidence. It is not so defective as to be a nullity, and, therefore, cannot be disregarded. The objection goes more to the effect than its admissibility.

*Brent,* for the defendant, insisted that the rejection of the sheriff's deed was properly decided, because it was shown to be defective on its face, and conferred no title : 8 *Martin, N. S.,* 526.

2. The sheriff's deed in question, is declared by law to have no manner of effect in transferring property. In this respect, and in legal contemplation, it does not differ from an unsigned or unproved deed. The latter is just as good a title to property as the former. Both are equally defective. Why,

then, should a court err, in rejecting one, when it is permitted to reject the other? It seems to me to be the peculiar province of the court, to decide what is legal evidence of title to go to the jury. This deed is a nullity upon its very face, and as such, wholly incapable of transferring property. This point was conceded, I believe, in argument, but if not, it is easy to establish it from the decisions of the court. If such be the fact, then, and it cannot be questioned, it would have been a very useless thing to permit it to go to the jury, and it would now be equally as useless to remand the case, for the purpose of allowing a *nullity* to go before the jury. *The law surely cannot require so vain a thing as this.* As to the effect of informalities in judicial sales. See 9 *Louisiana Reports,* 421; 4 *Idem.,* 150 and 207; 3 *Idem.,* 421; 8 *Martin, N. S.,* 246; 7 *Idem.,* 185; 11 *Martin,* 610 and 615.

*Bullard, J.,* delivered the opinion of the court.

In this case, the plaintiff asserts title to a tract of land in possession of the defendant. There was a verdict and judgment for the defendant, and the plaintiff appealed.

Our attention has been called to a bill of exceptions, from which it appears that the plaintiff's counsel offered to read in evidence, a sheriff's deed of the land in controversy, to the introduction of which the defendant objected, on the ground that it appeared by the record of the suit of *Benjamin Metoyer* vs. *J. P. M. Dubois,* that the land designated in the deed was not advertised prior to the sale, during the time prescribed by law. The court being further of opinion, that the irregularity is not cured by the act of 1834, rejected the deed as evidence.

We are of opinion the court erred. The sheriff's deed being in due form, ought to have been admitted, leaving its legal effects to be judged of by the jury, under the instruction of the court. Such has been the uniform decisions of this court. We express no opinion, whether the alleged irregularity or nullity has been cured, by the prescription established by the act of the legislature of 1834.

In a petitory action for a tract of land, the sheriff's deed under which the plaintiff claims, when in due form, is admissible in evidence.

It is not a valid objection to the admissibility of a sheriff's deed in evidence, that it appears from a record accompanying it, that the land was not duly advertised before sale, and that the irregularity is not cured by the monition law. The deed must be admitted, leaving its legal effects to the jury, under the instructions of the court.

It is, therefore, ordered and decreed by the court, that the judgment of the District Court be avoided and reversed, the verdict set aside, and that the case be remanded for a new trial, with instructions to the judge not to reject the sheriff's deed on the ground stated in the bill of exceptions; and that the appellees pay the costs of the appeal.